UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerry Jay FITZWATER, (89–3557/3593),
Clayton Colwell, Jr., (89–3556),
Defendants–Appellants.

Nos. 89–3556, 89–3557 and 89–3593.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1990.

Decided Feb. 16, 1990.

Terry Lehmann (argued), Office of the U.S. Atty., Cincinnati, Ohio, for U.S.

E. Hanlin Bavely (argued), Cincinnati, Ohio, for Clayton Colwell, Jr.

H. Donald Hawkins (argued), Dayton, Ohio, for Jerry Jay Fitzwater.

Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendants-appellants Colwell and Fitzwater appeal their sentences imposed by the district court for violating 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c), arguing that the court erroneously departed from the sentencing range established by the United States Sentencing Commission Guidelines ("the Guidelines").

### I.

On December 16, 1988, a federal grand jury returned a three-count indictment charging defendants as follows: on Count I, for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); on Count II, for using a firearm in commission of a felony in violation of 18 U.S.C. § 924(c); and on Count III, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendants-appellants Colwell and Fitzwater entered into plea agreements in which they each pled guilty to Counts I and II. It was agreed that Count III would be dismissed upon acceptance of the pleas by the district court. A presentence report was prepared for each defendant as required by the Sentencing Reform Act, 18 U.S.C. § 3552 (West Supp.1989). Applying the categories established by the Guidelines, the presentence report gave defendant Colwell a total offense level of 19 for violation of Count I and a criminal history category of III, establishing a Guideline sentencing range from 37 to 46 months on Count I. The presentence report stated that by statute Count II of the indictment cannot be grouped with any other conviction and the sentence for this offense must run consecutively to Count I. 18 U.S.C. § 924(c). For this reason, Guideline calculations were not provided for Count II. The district court, however, decided to depart from the recommended sentencing range of 37 to 46 months for Count I and sentenced Colwell to 120 months imprisonment on Count I and to 60 months on Count II. The sentences were to be served consecutively. In addition, there was a five-year supervised release period and a fine of $100.

The presentence report offense level for defendant Fitzwater was calculated in the same way as it was for Colwell. With a total offense level of 19 for violation of Count I and a criminal history category of III, the recommended sentencing range under the Guidelines for Fitzwater's violation of Count I was from 37 to 46 months. The district court decided to make an upward departure from the Guidelines for Fitzwater as well and imposed a sentence of 78 months on Count I and 60 months on Count II to be served consecutively. There was an additional five-year period of supervised release and the assessment of a $100 fine. In this appeal, defendants Colwell and Fitzwater challenge the district court's upward departure from the Sentencing Guidelines. In addition, defendant Fitzwater challenges the two-level enhancement applied to his sentence under Guideline § 2B3.1(b)(3)(A) for injury to a bank teller in the course of the robbery.

### II.

Defendants Colwell and Fitzwater contend that the district court erred in departing from the recommended sentencing range under the Guidelines.

As this court stated in *United States v. Rodriguez*, 882 F.2d 1059, 1065 (6th Cir. 1989), the Sentencing Reform Act of 1984 requires the district court to impose a sentence within the range determined by application of the Sentencing Guidelines. The Act permits, however, a court to depart from the Guidelines in certain instances. For example, 18 U.S.C. § 3553(b) provides in relevant part:

The court shall impose a sentence of the kind, and within the range, referred to in [the Guidelines] unless the court finds that an aggravating ... circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described.

18 U.S.C. § 3553(b). The Sentencing Reform Act expressly provides that the sentencing court must state "the specific reason for the imposition of a sentence different from that described [in the Guidelines]." 18 U.S.C. § 3553(c)(2). Thus, when the district court chooses to depart from the Guidelines, "a short clear written statement or a reasoned statement from the bench" must support the departure. *Rodriguez*, 882 F.2d at 1066 (quoting *United States v. Perez*, 871 F.2d 45, 47 (6th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989)). The statement must provide a specific reason for the imposition of the sentence, identifying clearly "the aggravating factors and its reasons for connecting them to the permissible grounds for departure." *United States v. DeLuna–Trujillo*, 868 F.2d 122, 124 (5th Cir.1989). The findings must be sufficiently specific in order for the appellate court to engage in meaningful review under § 3742(e) of the Act, which provides that a sentence should be set aside if it departs unreasonably from the Guidelines' recommended sentence. *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989).

In the present case, the district court explained its departure from the sentence recommended by the Guidelines for defendant Fitzwater as follows:

> The basis for the Court's upward departure from the guidelines is the fact that this defendant participated in a bank robbery where a weapon was used and that, in view of his past record, the Court feels it is important that an appropriate sentence be applied, even though it is in excess of the guidelines.

In responding to the prosecutor's suggestion that there was a basis in the presentence report for the departure from the Guidelines, the court replied:

> [Y]ou may put it in any terms you wish. So far as I'm concerned, I have relied upon his criminal history, paragraphs 40 through 56 [of the presentence report]— through, yes, 56. And it is my opinion that the sentence imposed was warranted.
>
> . . . .
>
> I have relied on the defendant's criminal record.... And the sentencing is within that prescribed by Congress for these offenses, and I don't really see any need to make any further statement.

At defendant Colwell's sentencing hearing, the court stated:

> I will rely also upon the criminal convictions of this defendant, paragraphs 40, 41, 42, 43 and 44 of the pre-sentence report. The Court notes specifically that a weapon was used in this offense and that the sentence by the Court is not in excess of the statutory maximum provided by Congress. Based upon the criminal record of this defendant, the Court believes the upward adjustment is appropriate.

■ We do not find that these brief conclusory statements are adequate to permit meaningful appellate review of the district court's departure from the Guidelines. The district court did not clearly identify any specific aggravating circumstances. The court's statements that defendants participated in a bank robbery with a weapon provide no indication of what aggravating circumstances were taken into account. The district court did not specify the events in either of the defendants' criminal histories which arguably were inadequately represented by the criminal history category of III, which was given to each defendant. The requirement of a specific statement is not satisfied "by a general recitation that the defendant's criminal history category or offense level underrepresents, in the sentencing court's opinion, the defendant's criminal record or the seriousness of the charged offense." *Wells*, 878 F.2d at 1233. Absent a specific finding, departure is not permitted. *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989).

The sentencing hearings for defendants Colwell and Fitzwater were held on June 16, 1989. Notices of appeal for both Fitzwater and Colwell were filed on the same day. On July 14, 1989, the district court filed an "Order Exceeding Sentencing Guidelines" for each defendant to justify the sentencing departures. However, at this point, four weeks after the appeals had been filed, the district court had lost jurisdiction. The requirement in 18 U.S.C. § 3553(c) that "[t]he court, *at the time of sentencing,* shall state in *open court* ... the specific reason for imposition of a sentence different from that described" (emphasis added) ensures that a defendant at the time of sentencing will know the grounds for an upward departure and can take them into account in his decision on whether or not to appeal his sentence. *See United States v. Kennedy,* 893 F.2d 825, 828–29 (6th Cir.1990) ("a clear statement from the district court assures that the appeal process ... works properly in that both counsel and the reviewing court will be able to challenge and/or evaluate the district court's actions"). In the present case the belated attempt of the district court to correct its failure to provide a specific statement at the sentencing hearing does not suffice.

### III.

■ Defendant Fitzwater argues that the offense level for his violation of 18 U.S.C. § 2113(a) and (d) was erroneously enhanced two levels under Guideline § 2B3.1(b)(3)(A) because a bank teller sustained a bodily injury during the course of the robbery.

Under the offense conduct chapter of the Guidelines, the section on robbery states:

> If any victim sustained bodily injury, increase the offense level according to the seriousness of the injury:

| Degree of Bodily Injury | Increase in Level |
|---|---|
| (A) Bodily Injury | Add 2 |
| (B) Serious Bodily Injury | Add 4 |
| (C) Permanent or Life–Threatening Bodily Injury | Add 6 |

> Guideline § 2B3.1(b)(3)(A).

Defendant Fitzwater contends that it was erroneous to enhance his sentence two levels for an injury sustained when a bank teller hit her head and hip on her teller's drawer in the course of lying down on the floor during the robbery because he was outside the bank in a getaway car, and it cannot plausibly be contended that it was foreseeable that such an injury would occur.

The government argues that appellant Fitzwater was convicted as an "aider and abettor" in violation of 18 U.S.C. § 2113(a) and (d). The injury that occurred to the bank teller is relevant to a determination of the applicable sentencing Guideline range for Fitzwater, because under Guideline § 1B1.3(a)(1) "all acts and omissions committed or *aided and abetted* by the defendant ... that occurred during the commission of the offense of conviction" are to be considered (emphasis added). Moreover, Guideline § 2X2.1, in addressing aider and abettor responsibility, provides that "the offense level is the same level as that for the underlying offense." Because it is reasonably foreseeable that participation in concerted criminal conduct to rob a bank might result in the infliction of such an injury to a bank teller, Fitzwater's sentence was properly enhanced even though he was not inside the bank.

We review the district court's determinations of facts under a clearly erroneous standard. *United States v. Wilson,* 878 F.2d 921, 923 (6th Cir.1989). We do not find that it was clearly erroneous to enhance defendant Fitzwater's sentence, as an aider and abettor, for the injury incurred by the bank teller as she got down on the floor during the bank robbery. Such an injury is reasonably foreseeable.

### IV.

The two-level enhancement for injury to the bank teller under Guideline § 2B3.1(b)(3)(A) was used to determine the base offense level of 19 for violation of 18 U.S.C. § 2113(a) and (d). This base offense level was properly used as part of the calculation for the Guideline sentencing range for both defendants Colwell and Fitz-

water. However, because the district court departed from the sentencing range established by the Guidelines without making a specific statement, the sentences of defendants Fitzwater and Colwell are vacated and the case is remanded to the district court for the court to set forth the specific reasons for its departure from the Sentencing Guidelines.