923 F.2d 855
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Jay FITZWATER, Defendant-Appellant.
 No. 90-3391.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Jay Fitzwater, a federal prisoner, appeals the district court's order, entered on remand, which set forth the district court's reasons for an upward departure from the recommended sentencing range under the United States Sentencing Commission Guidelines. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 In February 1989, Fitzwater pled guilty pursuant to a Fed.R.Crim.P. 11 plea agreement to one count of armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) and (d), and one count of using a firearm in the commission of a felony in violation of 18 U.S.C. Sec. 922(a). At sentencing, the district court departed upward from the guideline sentencing range of thirty-seven to forty-six months on the bank robbery conviction and sentenced Fitzwater to seventy-eight months imprisonment. Fitzwater also received a mandatory sixty month sentence on the firearm conviction. Following a timely appeal, this court vacated Fitzwater's sentence and remanded the case to the district court for a statement of specific reasons for its departure from the guidelines. See United States v. Fitzwater, 896 F.2d 1009, 1013 (6th Cir.1990). On remand, the district court did not hold a new sentencing hearing, but merely entered an order stating its reasons for the upward departure and "resentenced" Fitzwater to seventy-six months imprisonment on the bank robbery conviction and the mandatory sixty month sentence on the firearm conviction.
 
 
 3
 Fitzwater has filed a timely appeal. He asserts: (1) that the district court failed to comply with this court's decision by failing to hold a new sentencing hearing; and (2) the district court's upward departure from the guidelines was unreasonable.
 
 
 4
 Upon review, we conclude that the district court erred by failing to hold a new sentencing hearing. 18 U.S.C. Sec. 3553(c) expressly provides that "The court, at the time of sentencing, shall state in open court ... the specific reasons for the imposition of a sentence [outside the sentencing guideline range.]" A belated attempt by the district court to correct its failure to provide a specific statement at the sentencing hearing, by entering a memorandum in support of the sentence, is not sufficient. See, e.g., Fitzwater, 896 F.2d at 1012.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the case remanded to the district court for a new sentencing hearing. Rule 9(b)(6), Rules of the Sixth Circuit.