956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon V. X MORRIS, Defendant-Appellant.
 No. 91-3240.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant Ramon V. X Morris appeals enhancement of his sentence based on the conduct of his codefendant. The issue is whether, under U.S.S.G. § 1B1.3, Defendant could have reasonably foreseen the codefendant's conduct. The district court found that the conduct was reasonably foreseeable, and we affirm.[1]
 
 
 2
 Defendant pled guilty to the charge of robbery in violation of 18 U.S.C. §§ 2, 2111. Pursuant to a plan between Defendant and an acquaintance, Dana McCoy, Defendant met McCoy behind the gas station at which Defendant worked after it closed for the day. There, Defendant allowed McCoy to bind his hands and gag him with tape. Defendant and McCoy then entered the gas station with Defendant feigning to be McCoy's hostage. The station manager was counting the day's cash receipts in a back room. McCoy made a loud noise in the front of the station, and when the manager came out to investigate, McCoy knocked the manager to the floor abrading the manager's head, brandished a knife and threatened the manager, bound the manager's hands with handcuffs, and gagged him with tape. After McCoy took the cash receipts and left the station, the manager righted himself and activated a burglar alarm. The scheme was discovered, and both Defendant and McCoy pled guilty to the charges against them.
 
 
 3
 The presentence report prepared for Defendant recommended three separate enhancements to his sentence, all pursuant to U.S.S.G. § 1B1.3:[2] a three-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for McCoy's brandishing of the knife, a two-level enhancement under section 2B3.1(b)(3) for the physical injury to the station manager, and a two-level enhancement under section 2B3.1(b)(4)(B) for physically restraining the manager.
 
 
 4
 Defendant objected to the enhancements, arguing that under the plan devised by Defendant and McCoy, Defendant was to pretend to be a hostage and that the station manager, based on that circumstance, would simply turn over the cash. Defendant claimed that McCoy was departing from their plan by brandishing the knife and by shoving, hurting, and restraining the station manager. The district court found that McCoy's conduct was reasonably foreseeable to Defendant and held that the enhancements outlined in the presentence report were proper. R.Vol. III p 91.
 
 
 5
 Application note 1 to U.S.S.G. § 1B1.3 specifies that our review of this issue encompasses three inquiries:
 
 
 6
 (1) [W]hether [Defendant] was involved in criminal activity undertaken in concert with others; (2) whether [McCoy's conduct of brandishing the knife, injuring the station manager, and restraining the station manager] was "conduct in furtherance of the jointly undertaken criminal activity"; and (3) whether that conduct was "reasonably foreseeable" by [Defendant].
 
 
 7
 United States v. Barragan, 915 F.2d 1174, 1179 (8th Cir.1990); see also United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991) (applying the requirements of foreseeability and conduct in furtherance of or during the course of the crime); United States v. Aquilera-Zapata, 901 F.2d 1209, 1213-15 (5th Cir.1990) (same); United States v. White, 875 F.2d 427, 433 (4th Cir.1989) (same).[3]
 
 
 8
 Defendant does not dispute that he was involved in the robbery in concert with McCoy or that McCoy's objectionable conduct was in furtherance of that jointly undertaken robbery. His objection is that he could not reasonably foresee the objectionable conduct because it deviated from the plan he and McCoy prepared, contradicting McCoy's version of the scheme to law enforcement officers and the probation officer who prepared the presentence report. Because Defendant testified in person before the sentencing court, R.Vol. II (Transcript of hearing), the sentencing court was able to make a credibility determination about Defendant's version of the plan and about Defendant's capability of foreseeing McCoy's violent behavior.[4]
 
 
 9
 We review the sentencing court's factual determinations under a clearly erroneous standard, giving "due regard" to that court's decisions about the credibility of witnesses. United States v. Fitzwater, 896 F.2d 1009, 1012 (6th Cir.1990); 18 U.S.C. § 3742(d). After review of the presentence report and the transcript of the hearing at which Defendant testified, we hold that the district did not err in its determination that McCoy's conduct during the robbery was reasonably foreseeable to Defendant.
 
 
 10
 The order of the District Court for the District of Kansas enhancing Defendant's sentence based on the conduct of his codefendant is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 2 U.S.S.G. § 1B1.3(a)(1), entitled "Relevant Conduct (Factors that Determine the Guideline Range)," provides in pertinent part that sentencing must be based on "all acts and omissions ... for which the defendant would be otherwise accountable" that occurred in furtherance of the offense. Application note 1 explains,
 In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.... Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline.
 
 
 [3]
 The second sentence of U.S.S.G. § 1B1.3(a)(1), application note 1, "[w]here it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake ...," is slightly ambiguous about whether the conduct of the defendant's co-prepetrator must have been both in furtherance of the criminal scheme and foreseeable to the defendant, or merely one or the other. However the first sentence, "... includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant," and the cases interpreting this application note, cited above, make clear that both tests must be satisfied for sentence enhancement under this provision of the sentencing guidelines
 
 
 [4]
 Defendant claims that the presentence report was accepted by the sentencing court without any testimony from the author of the presentence report or from McCoy, rendering the sentencing court unable to make a proper credibility evaluation. Appellant's Brief at 9-10. However, at the hearing, Defendant's counsel agreed to accept the prosecution's offer to the court that, were the probation officer who wrote the presentence report called to the stand, "he would testify to those factual matters concerning the events connected to the robbery and in particular to the factual statements given by the codefendant, Dana McCoy, and his testimony would be consistent with and the same as those factual matters contained in the presentence report." R.Vol. II at 4. This evidence, taken in light of Defendant's personal testimony, was sufficient for the sentencing court to make a proper credibility judgment