958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lee WILSON, Defendant-Appellant.
 No. 91-5483.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1992.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Kevin Lee Wilson challenges the sentence imposed, upon remand from this court, for use of an interstate commerce facility in an attempt to have his wife killed in violation of 18 U.S.C. § 1958 (1988) (current version at 18 U.S.C.A. § 1958 (West Supp.1991)). For the reasons that follow, we again remand for resentencing.
 
 
 2
 * At the time of these events, Wilson was vice-president of a bank in Memphis, Tennessee, relatively young and financially secure. His wife worked as a nurse at a local hospital, and the Wilsons had a two-year-old daughter.
 
 
 3
 In April 1989, Wilson contacted his former fiancee, Melba Rodgers, who lived in Florida. At Wilson's request, Rodgers traveled to Memphis on April 15 and met with Wilson that evening. Wilson told Rodgers that he wanted his wife killed and asked that Rodgers find a "hit man" to commit the murder. Wilson also told Rodgers that he had previously attempted to fatally poison his wife, but apparently had not given her a sufficient dose of poison.
 
 
 4
 After Rodgers returned to Florida, Wilson continued to contact her about the scheme. Rodgers then went to law enforcement authorities and agreed to allow the FBI to record all of her telephone conversations with Wilson. The FBI thereafter recorded five conversations between Rodgers and Wilson. In addition, Wilson mailed a package to Rodgers including a $500 cash downpayment for the murder, as well a drawing of the floor plan of his residence and a description of possible escape routes from Memphis.
 
 
 5
 According to Wilson's plan, the hit man was to enter the house while Wilson and his daughter were at church. When his wife came home from work, the hit man was to kill her and then take a few items from the house to make it look like an interrupted burglary. It appears that Wilson's objectives were to obtain sole custody of their daughter, collect on his wife's insurance policy, and renew his former relationship with Rodgers. Two days before the murder was to occur, the FBI arrested Wilson.
 
 
 6
 On September 5, 1989, Wilson pled guilty to six counts of violating 18 U.S.C. § 1958.[1] On February 5, 1990, the court sentenced Wilson to seventy-two months in prison. On appeal to this court, United States v. Wilson, 920 F.2d 1290 (6th Cir.1990), we affirmed the application of United States Sentencing Commission, Guidelines Manual, § 2E1.4 (Nov. 1991), to Wilson's case, but remanded for resentencing on the ground that, because the six counts of the indictment involved two or more acts connected by a common criminal objective, they should have been grouped under U.S.S.G. § 3D1.2(b). Wilson, 920 F.2d at 1293-94.
 
 
 7
 On remand, the United States Probation Office, in an addendum to its original presentence report, determined Wilson's range under § 3D1.2(b) to be thirty-seven to forty-six months. At a resentencing hearing held on March 28, 1991, the government renewed its earlier request for an upward departure from the recommended guideline range, a request that had initially been denied by the district court. After noting the appropriate guideline range of thirty-seven to forty-six months, the court sentenced Wilson to forty-six months and granted an upward departure of twenty-six months for a total of seventy-two months of imprisonment, to be followed by a three-year term of supervised release. In the present appeal, Wilson argues that the district court improperly departed upward from the recommended guideline range.
 
 II
 
 8
 Title Eighteen of the United States Code, § 3553(b), provides that a court may impose a sentence outside the recommended guideline range only if it
 
 
 9
 finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.
 
 
 10
 18 U.S.C. § 3553(b) (1988). Our review of a sentencing court's departure from the guidelines follows a tripartite analysis. We first review de novo whether the circumstances relied upon by the court were sufficiently unusual to warrant a departure. Second, we review for clear error whether the circumstances, if conceptually proper, actually exist in the particular case. Finally, we consider whether the direction and degree of departure were reasonable. See United States v. Joan, 883 F.2d 491, 493-94 (6th Cir.1989).
 
 
 11
 In the instant case, the district court departed upward on the basis of § 5K2.8 of the guidelines, which provides:
 
 Extreme Conduct (Policy Statement)
 
 12
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 
 
 13
 U.S.S.G. § 5K2.8. At the resentencing hearing, the court justified the upward departure as follows:
 
 
 14
 This upward departure is based upon the extreme conduct of Mr. Wilson and upon the premise that there exist, in this case, aggravating circumstances of a kind or degree not adequately taken into consideration by the sentencing commission and formulate [sic] to the guidelines applicable to a case such as this.
 
 
 15
 2J.A. at 57.
 
 
 16
 Our review of challenges to sentences imposed under the guidelines is guided by the understanding that, "[o]f all the purposes that induced Congress to enact the Sentencing Reform Act, which authorized the Sentencing Commission to issue guidelines, none was more compelling than Congress' desire to achieve greater uniformity in sentencing or, stated otherwise, to eliminate unreasonable disparity in sentencing." United States v. Nelson, 918 F.2d 1268, 1271 (6th Cir.1990) (citation omitted); see also Burns v. United States, 111 S.Ct. 2182, 2184 (1991). To ensure that a sentencing court's departure from the guidelines advances this goal of uniformity, we have consistently required that, when a court concludes that a departure is warranted, a short, clear written statement or reasoned statement from the bench must support the departure. See United States v. Fitzwater, 896 F.2d 1009, 1011 (6th Cir.1990); see also 18 U.S.C. § 3553(c)(2) (1988) (requiring that sentencing court state "the specific reasons for the imposition of a sentence different from that described [in the guidelines]"). A clear explanation of the grounds for departure is particularly important where, as here, we must review whether the specific circumstances relied upon by the district court justify a departure as a legal matter. Thus, in Fitzwater, we clarified that a statement justifying a departure under the guidelines "must provide a specific reason for the imposition of the sentence, identifying clearly 'the aggravating factors and its reasons for connecting them to the permissible grounds for departure.' The findings must be sufficiently specific in order for the appellate court to engage in meaningful review...." Fitzwater, 896 F.2d at 1011 (quoting United States v. DeLuna-Trujillo, 868 F.2d 122, 124 (5th Cir.1989)); see also United States v. Robison, 904 F.2d 365, 372 (6th Cir.) (stating that sentencing court must "supply particular reasons for the departure" and "must present more than a conclusory set of reasons for a departure"), cert. denied, 111 S.Ct. 360 (1990).
 
 
 17
 Upon review, we find that the district court's unadorned statement that Wilson had engaged in "extreme conduct," 2 J.A. at 57, does not adequately clarify the precise conduct relied upon by the district court to enable us to engage in meaningful review. The court's simple restatement of the statutory language leaves us wholly uninformed of the specific circumstances found to be so unusual as to justify the departure. To uphold such a bare-bones statement would effectively render a nullity our oft-repeated admonition that courts must explain the bases for their departures from the guidelines and would likewise make our plenary review of the circumstances underlying a departure more a matter of guesswork than sound legal analysis. Accordingly, we must remand Wilson's sentence for explication of the precise circumstances relied upon by the district court in imposing the departure.
 
 
 18
 Wilson also argues on appeal that, because the district court did not depart upward at the first sentencing hearing, it was precluded from doing so at resentencing. We believe Wilson misunderstands our role as a reviewing court. We have consistently afforded considerable deference to sentencing judges in light of the difficulty of "fitting flesh and blood defendants within a theoretical framework that attempts to quantify ... a myriad of subjective characteristics objectively." Nelson, 918 F.2d at 1273. While this discretion, as our previous discussion indicates, is not without limits, we are equally mindful that our review must not impede a sentencing court's sensitivity and responsiveness to the often intricate factual fabric of the case before it. While we might agree that the district court's change of heart on the issue of departure is somewhat unusual, we do not believe that a court's decision to remain within the recommended guideline range in the first instance necessarily forecloses a departure from the range upon reconsideration as a legal matter. To hold otherwise would constitute an unwarranted intrusion into the proper province of the sentencing courts unsupported by logic or precedent.
 
 
 19
 As a final matter, Wilson contends that the district court erred in departing upward without prior notice. Wilson rests this claim upon Burns v. United States, 111 S.Ct. 2182 (1991), where the Supreme Court held that Federal Rule of Criminal Procedure 32 requires that the sentencing court provide reasonable notice to the parties that it might depart upward and specifically identify the ground for the departure. Id. at 2187. Upon review, we find Wilson's argument without merit.
 
 
 20
 In its original sentencing memorandum to the court, the government recommended an upward departure due to the alleged extreme nature of Wilson's conduct. At oral argument at both the original sentencing hearing and the resentencing hearing, the government again advocated an upward departure from Wilson's recommended guideline sentence. That the government failed to state, in its memorandum filed prior to resentencing, that it would again seek an upward departure did not deprive Wilson of notice that his sentence might be increased. Given the government's consistent position at the original sentencing hearing that Wilson's conduct supported an upward departure, we find that Wilson knew or should have known that the possibility of an upward departure would also be an issue at resentencing.
 
 
 21
 Wilson's reliance on Burns is misplaced. In Burns, neither the presentence report nor the government's memorandum to the court prior to sentencing recommended an upward departure. Id. at 2184. Nevertheless, at the conclusion of the sentencing hearing, the court decided, upon its own motion, to depart upward from the recommended guideline range. In holding that the court's sua sponte decision to depart upward without notice violated the requirements of Federal Rule of Criminal Procedure 32, the Court clearly stated the precise scope of its holding:
 
 
 22
 We hold that before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling.
 
 
 23
 Id. at 2187 (emphasis added). In the instant case, the government notified Wilson in its original prehearing memorandum that it would seek an upward departure from the recommended guideline sentence. This action put Wilson sufficiently on notice for purposes of Rule 32. See id.
 
 III
 
 24
 For the foregoing reasons, we REMAND this case for resentencing consistent with this opinion.
 
 
 25
 MILBURN, Circuit Judge, dissenting and concurring.
 
 
 26
 I respectfully dissent to that part of the majority opinion which holds that the district court's statement at the resentencing of his reasons for an upward departure under U.S.S.G. § 5K2.8 is inadequate. In granting the upward departure at the resentencing, the court stated:
 
 
 27
 After listening to the presentation here today and reviewing it all, I remain convinced in my own mind, and I am satisfied that the original sentence imposed in this case was a fair and reasonable sentence for the very serious criminal conduct committed by Mr. Wilson.... [S]ince this is a new sentencing, the Court will grant the Government's motion for an upward departure based upon the extreme conduct of Mr. Wilson and will add an additional 26 months to that sentence making Mr. Wilson's total sentence, if my figure is correct, 72 months imprisonment. This upward departure is based upon the extreme conduct of Mr. Wilson and upon the premise that there exist, in this case, aggravating circumstances of a kind or degree not adequately taken into consideration by the sentencing commission....
 
 
 28
 Under the facts and circumstances of this case, I would hold that the district court's statement was adequate and affirm in all respects. Otherwise, I concur.
 
 
 
 [1]
 The five telephone conversations and the package were the bases for the six-count indictment later brought against Wilson