966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Angela W. BABCOCK, Defendant-Appellee.
 No. 91-3991.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, Angela W. Babcock, pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. She moved for a downward departure from the Sentencing Guidelines ("guidelines") based on mitigating circumstances surrounding her case. The district court granted the defendant's motion and made a substantial downward departure from offense level 14. The district court did not specifically state the level of downward departure, but the district judge placed the defendant on probation for three years and imposed special conditions of probation. In making the departure, the district court stated, among other things, that the defendant's family situation was a circumstance warranting a downward departure. The government appealed, claiming that the district court was not warranted in departing on the grounds stated. We agree, and now reverse and remand for a redetermination of the defendant's sentence.
 
 
 2
 The defendant's father, Henry Williams ("Williams"), was involved in distributing cocaine in the Coshocton, Ohio area. The Coshocton County Sheriff's Department, in investigating Williams' activities, employed a confidential informant, Patty Fisher ("CI"), to participate in a drug deal.
 
 
 3
 On October 31, 1990, CI was provided cash to pay a drug debt owed to Williams. On November 13, 1990, the CI paid drug money to Connie Shoults ("Shoults"), one of Williams' co-conspirators, and the defendant was present. On November 28, 1990, the defendant and another co-conspirator arranged for the payment of a drug debt owed to Williams. The defendant accepted the money. On December 21, 1990, Shoults sold cocaine to another undercover agent, and the conspiracy was exposed.
 
 
 4
 The defendant pleaded not guilty and was released on bond. On April 29, 1991, the defendant withdrew her not guilty plea. No motion for a downward departure was made at the final sentencing hearing, but the defendant's counsel had filed a sentencing memorandum wherein five bases for a downward departure were urged: (1) coercion and duress-diminished capacity; (2) rehabilitation; (3) judicially created downward departure (family situation); (4) punishment/deterrents; and (5) debriefing/substantial assistance.
 
 
 5
 The sentencing court set the guideline offense level at 14 with a criminal history category of I, which established a sentencing guideline range of 15 to 21 months. At the same time, however, the sentencing court granted the defendant's motion for a downward departure to an unspecified base offense level. Although the revised base offense level was not stated, the government claims that the court "apparently depart[ed] eight (8) offense levels to level six (6), because the court placed Babcock on probation." In making the downward departure, the district court stated:
 
 
 6
 The Court has placed this defendant on probation because in consideration of all the facts surrounding the offense, and her personal and family situation, the Court considers probation for this defendant best serves the interest of society.
 
 
 7
 I don't suppose you will appeal this sentence, but you have the right to. Just for the sake of the record I will tell you that. That is all.
 
 
 8
 The judgment entry states: "Familial relations were a circumstance not considered by the Sentencing Commission where the Guidelines were promulgated. A downward departure is thus warranted." The government claims that the district court was clearly erroneous in so departing from the established sentencing guideline range.
 
 
 9
 The facts found by the sentencing court are to be accepted on appeal unless they are clearly erroneous. United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 492 U.S. 910 (1989); see also 18 U.S.C. § 3742. Brief, conclusory statements of a sentencing court, however, are insufficient to justify a departure. United States v. Fitzwater, 896 F.2d 1009, 1011 (6th Cir.1990).
 
 
 10
 We ordinarily use a three-step procedure in determining whether the district court appropriately departed from the guidelines: (1) determine whether the circumstances are sufficiently "unusual" to warrant departure (question of law); (2) determine whether the circumstances actually exist in a particular case (question of fact); and (3) determine whether the district court's degree of departure was reasonable.[1] United States v. Brewer, 899 F.2d 503, 506 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990); see also United States v. Rutana, 932 F.2d 1155, 1158 (6th Cir.), cert. denied, 112 S.Ct. 300 (1991).
 
 
 11
 The government argues that the five reasons advanced by the defendant as justifications for a downward departure were not factually supportable in the record. Further, the government argues, the sentencing court did not explicitly adopt any of the defendant's arguments in regard to the five above-named factors, but simply stated that "all the facts surrounding the offense, and her family situation" warranted the drastic downward departure. The government cites Brewer, 899 F.2d at 509-10: "It is simply not a sentencing judge's prerogative if he disagrees with the guideline concepts to determine whether incarceration would serve a useful purpose when the guidelines expressly provide for a minimum jail time." The defendant urges this court to take into consideration the "full panoply of relevant sentencing facts" and to affirm the imposition of probation.
 
 
 12
 It appears that the district court placed the most emphasis on the defendant's family situation, i.e., the defendant's responsibilities in raising her child in making the downward departure. In Brewer, however, this court found that family ties and responsibilities should not serve as a justification for downward departure unless that factor is "present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction." U.S.S.G. § 5K2.0, quoted in Brewer, 899 F.2d at 508; see also United States v. Mogel, 956 F.2d 1555, 1565 (11th Cir.1992) (family ties and responsibilities are not ordinarily relevant to departure from guidelines). In Brewer, as in this case, the district court did not point out why the defendant's family situation was "substantially in excess" of that generally involved in other drug cases. The main factor relied on by the district court in this case was not exceptional. " 'Unfortunately, it is not uncommon for innocent young family members, including children ... to suffer as a result of a parent's incarceration.' " Brewer, 899 F.2d at 508 (quoting United States v. Fiterman, 732 F.Supp. 878, 885 (N.D.Ill.1989)). See Williams v. United States, 112 S.Ct. 1112, 1120-1121 (1992) (remand is appropriate when sentencing court relied on improper factor in arriving at sentence). The district court failed to particularize the other factors considered in making a major downward departure. The district court also failed to indicate whether a departure to the next lower level would have been appropriate.
 
 
 13
 Accordingly, we REVERSE and REMAND the case for resentencing. On remand, the district court must set out with particularity the basis for any departure from the guidelines.[2] United States v. Kincaid, 959 F.2d 54 (6th Cir.1992) (the court shall state specific reasons for downward departure at the time of sentencing); see also 18 U.S.C. § 3553(c). The extent of any departure must be reasonable. United States v. Gonzalez, 929 F.2d 123 (6th Cir.1991) (departure from offense level 28 to level 32 was reasonable in light of defendant's past criminal history); United States v. Diaz-Villafane, 874 F.2d 43, 51-52 (6th Cir.) (substantial upward departure was "within the realm of reason"), cert. denied, 493 U.S. 862 (1989).
 
 
 
 [1]
 It is well-settled that a sentencing court must give the defendant ample notice of its intention to depart upward from the guidelines. Burns v. United States, 111 S.Ct. 2182, 2186-87 (1991); United States v. Anders, 899 F.2d 570, 575 (6th Cir.1990); see Fed.R.Crim.P. 32. The notice requirement should also apply to the government when the sentencing court intends to depart downward. In this case, however, the government did not raise the issue; thus we will not consider the trial court's "failure to notify" as error
 
 
 [2]
 We note that any departure made based on the defendant's substantial assistance under U.S.S.G. § 5K1.1 can only be made "upon [a] motion of the government." United States v. Levy, 904 F.2d 1026, 1034-35 (6th Cir.1990); 18 U.S.C. § 3553(e); see also United States v. Wade, 936 F.2d 169, 171 (4th Cir.), cert. granted, 112 S.Ct. 635 (1991). At the sentencing in the court below, the government did not make such a motion