978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lee WILSON, Defendant-Appellant.
 No. 92-5597.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1992.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is the third appeal from sentencing in this case in which the defendant pled guilty to a charge of use of an interstate commerce facility in an attempt to have his wife killed in violation of 18 U.S.C. § 1958 (1988) (current version in 18 U.S.C.A. § 1958 West Supp.1991)). Upon consideration of the record of sentencing on remand, we affirm the judgment of the district court.
 
 
 2
 On the first appeal, a panel of this court found that the sentence of 72 months imprisonment resulted from a failure of the district court to group two or more acts connected by a common criminal objective as required by United States Sentencing Guidelines (U.S.S.G.) § 3D1.2(b). United States v. Wilson, 920 F.2d 1290, 1993-94 (6th Cir.1990). On remand the United States Probation Offices determined that Wilson's range for sentencing was 37 to 46 months in prison. The government renewed an earlier request for an upward departure from the recommended guideline and the court granted this motion. The court sentenced Wilson to 46 months, the upward limit under the correct guideline range, and granted an upward departure of 26 months for a total of 72 months in prison, exactly the same sentence that had been imposed in the first instance.
 
 
 3
 Wilson appealed once again and the appeal was heard by the present panel. Upon consideration, we found that the district court had failed to provide a statement of "the specific reason for the imposition of a sentence different from that described [in the guidelines]" as required by our decision in United States v. Fitzwater, 896 F.2d 1009, 1011 (6th Cir.1990) and 18 U.S.C. § 3553(c)(2) (1988). Noting that this court has stated that a mere conclusory set of reasons for departure is not sufficient, a majority of the panel found the "bare-bones" statement by the district court at the second sentencing of Wilson to be insufficient. United States v. Wilson, 958 F.2d 372 (6th Cir.1992) (Table). Following the second remand, the district court found that its original sentence was "fair, just and reasonable under the circumstances." The court then found that the defendant had caused a tremendous amount of pain, discomfort and suffering for his entire family and that his conduct was extreme in its cruelty, in its humiliation to his wife and was in fact "brutal." The court further found premeditation on the part of the defendant, referring to specific telephone conversations, the preparation of diagrams for the assassin to use in carrying out the murder-for-hire and the payment of a five hundred dollar deposit. Finally, the district judge referred to a "signal system" devised by the defendant to facilitate the murder of his wife.
 
 
 4
 Upon consideration of the briefs and supplemental record on appeal, the panel concludes unanimously that further oral argument is not required. FED.R.APP.P. 34(a). At the sentencing following our most recent remand, the district judge did not rest on conclusory statements but complied with the requirement that the court "supply particular reasons for the departure." United States v. Robison, 904 F.2d 365, 372 (6th Cir.), cert. denied sub nom. Smoot, 111 S.Ct. 360 (1990). We find that the particular statement of reasons for upward departure made on the record by the district judge satisfied the requirements of the Guidelines and of our controlling precedents.
 
 
 5
 The judgment of the district court is affirmed.