**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 97-4781

CYNTHIA ANN PASSMORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-55-F)

Argued: September 25, 1998

Decided: October 26, 1998

Before HAMILTON and MICHAEL, Circuit Judges, and
MOON, United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Arthur Webb, Federal Public Defender, Raleigh,
North Carolina, for Appellant. John Samuel Bowler, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:**
Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, John

Howarth Bennett, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cynthia Ann Passmore, a convicted bank robber, appeals the two-point enhancement of her offense level as a result of bodily injury to a victim, specifically, an injury to a state trooper who was hurt when he fell at the end of the post-robbery chase. We affirm the sentence.

I.

Passmore, along with two accomplices, robbed a bank in Raleigh, North Carolina. The robbers then led police on a 22-mile car chase through Raleigh and into Chatham County, at speeds exceeding 100 miles per hour, before their getaway car became stuck in a construction area. As police officers approached the robbers' car, one of Passmore's accomplices, Robert Downey, pointed an airgun at them. The officers opened fire, killing Downey instantly and wounding Passmore.

One of the pursuing police officers was injured at the end of the chase. As the robbers' car landed in a ditch, State Trooper Scott Pirilla jumped out of his police car and fell. He injured his head and knee, necessitating hospital treatment. As a result of the injuries, Trooper Pirilla missed three days of work, and he had to be assigned to light duty for a week upon his return.

Passmore pleaded guilty to armed bank robbery and was sentenced to 120 months imprisonment. In calculating her offense level, the district court applied a two-point increase for bodily injury sustained by

2

a victim, pursuant to Sentencing Guideline § 2B3.1(b)(3). Passmore challenges this enhancement, claiming that the officer was not a "victim" of her crime and that, even if he was, she did not cause his injuries.

II.

We first conclude that Trooper Pirilla was a victim of the bank robbery. The Sentencing Guidelines provide for an increase in offense level if "any victim sustained bodily injury." U.S.S.G. § 2B3.1(b)(3). The word "victim" has a fairly broad meaning in the bank robbery context. Bank robbery involves active violence or threats of violence and necessarily creates the risk of bodily injury to those in proximity. United States v. Muhammad, 948 F.2d 1449, 1456 (6th Cir. 1991). Of course, under a literal construction, only the banking institution itself would be the victim of a bank robbery. But it is bank employees and patrons who bear the initial brunt of a robbery. Furthermore, a robbery "cannot be completed without some form of flight or attempted flight," so is "more naturally understood to include the act of fleeing and the immediate consequences of such flight." Id. Therefore, the term "any victim" in § 2B3.1(b)(3) includes "any employee, bystander, customer, or police officer," id. , injured during a bank robbery or attempted getaway, whose injuries were caused by the robber.

We have previously held that a police officer was not a victim of the charged offense when he was assaulted while arresting a suspect for possession of a firearm by a convicted felon. United States v. Morrow, 925 F.2d 779, 782 (4th Cir. 1991). However, the underlying crime in Morrow was one of mere possession. The only direct victim of such a crime is society as a whole. As the Sixth Circuit explained in Muhammad, the term "victim" must be examined in the context of the underlying charged offense. The violent nature of the offense of bank robbery carries with it the inherent prospect that someone could be injured in the robbery or its aftermath. The Guidelines account for this, providing for an increase in offense level if "any victim" sustains bodily injury. U.S.S.G. § 2B3.1(b)(3) (emphasis added). Under the governing standards, the trooper here was a victim.

III.

Having established that Trooper Pirilla was a victim of the bank robbery within the meaning of § 2B3.1(b)(3), we must determine if

3

Passmore caused his injuries. The two-point increase in offense level is only proper if her actions were the proximate cause of the injury. United States v. Molina, 106 F.3d 1118, 1122-23 (2d Cir. 1997).

Passmore's conduct proximately caused Pirilla's injuries if the harm was a reasonably foreseeable result of her conduct. Id. at 1121. This requirement ensures that "any variation between the result intended . . . and the result actually achieved is not so extraordinary that it would be unfair to hold the defendant responsible for the actual result." United States v. Spinney, 795 F.2d 1410, 1415 (9th Cir. 1986) (quoting W. LaFave & A. Scott, Criminal Law § 35 (1972)). Even accidental injuries may trigger a sentence increase if they are reasonably foreseeable. See, e.g., Molina, 106 F.3d at 1122-24 (bystander accidentally shot by security guard during robbery); United States v. Fitzwater, 896 F.2d 1009, 1012 (6th Cir. 1990) (bank teller hit head on cash drawer after robber ordered her to lie on floor).

Again, Passmore led police on a 22-mile car chase along city streets and highways at speeds of up to 110 miles per hour. At the conclusion of the chase, one of her accomplices pointed an airgun at the police, causing them to open fire. It is plainly foreseeable that someone could be hurt during these events, whether from a car accident or from a mishap at the end as the police rushed on foot to capture the robbers. Although Trooper Pirilla's injuries (caused when he stumbled as he jumped from his car) may be at the outer limits of foreseeability, it should come as no surprise to Passmore that a police officer was hurt in the commotion at the close of the high speed chase. The facts are sufficient to support the finding that Passmore's conduct was the proximate cause of Trooper Pirilla's injuries.

Passmore's sentence is affirmed.

AFFIRMED

4