**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ryan McShane DAVENPORT,**
**Defendant–Appellant.**

No. 00–6771.

United States Court of Appeals,
Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

### ORDER

Ryan McShane Davenport, a federal prisoner, appeals the district court's judgment, imposed upon his guilty plea to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Davenport pleaded guilty to the counts described above pursuant to a written plea agreement. The district court sentenced him on November 9, 2000, to a total of 157 months in prison and five years of supervised release. In addition, the court ordered restitution. Davenport's sentence was based upon a total offense level of 21 and a criminal history category of I, resulting in a guidelines sentencing range (taking into account the 120–month mandatory consecutive sentence for the firearms charge) of 157–166 months.

On appeal, Davenport argues that the district court erred in applying a two-level enhancement pursuant to USSG § 2B3.1(b)(3)(A) for bodily injury to a victim.

We affirm the district court's judgment because the court did not err in finding that striking a bank teller in the head with a gun warranted the two-level increase for bodily injury. This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States*, 532 U.S. 59, 66, 121 S.Ct. 1276, 1281, 149 L.Ed.2d 197, —— – —— (2001)).

At his sentencing hearing, Davenport acknowledged that either he or his codefendant struck a bank teller on the head with a gun during the bank robbery. The teller, who suffered a headache as a result, was taken to the hospital for evaluation, but no injuries were found. Davenport objected to the application of the two-level enhancement on the ground that the injury was not a "significant" injury within the meaning of the guideline.

The sentencing guidelines provide that a defendant's offense level is increased by two levels if an offense involved "bodily injury" to a victim. USSG § 2B3.1(b)(3)(A). "Bodily injury" is defined as "any significant injury; *e.g.*, an injury that is painful and obvious, or is a type for which medical attention ordinarily would be sought." USSG § 1B1.1 comment. (n.1(b)). It is noted that the guidelines further provide that the defendant's offense level be increased by four for *"serious bodily injury."* USSG § 2B3.1(b)(3)(B) (emphasis added).

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

**340**

After hearing arguments from both sides, the district court ruled that the enhancement should be applied. In so ruling, the court explained that "hitting someone, in the course of a robbery, with a gun, on the head, is the type of significant injury contemplated by the drafters of the guidelines; that is, it's an injury that ought to be painful and obvious, and also is of a type for which medical attention ordinarily would be sought.... The Court would also observe that oftentimes head injuries result in injuries that are not immediately apparent when the head is struck."

We conclude that the district court properly applied the enhancement and clearly explained its reasons for doing so. This enhancement has been applied in similar situations. *See, e.g., United States v. Perkins*, 89 F.3d 303, 307–08 (6th Cir.1996); *United States v. Greene*, 964 F.2d 911, 912 (9th Cir.1992); *United States v. Fitzwater*, 896 F.2d 1009, 1012 (6th Cir.1990). Davenport asserts that the injury to the victim in this case was not "significant" enough to justify the enhancement, but this assertion essentially argues that the injury just wasn't serious. As provided by the guidelines, however, a "serious" injury calls for an even greater sentence enhancement. The district court did not err in holding that a blow to the head with a gun is "significant" within the meaning of the sentencing guidelines.

Accordingly, the district court's judgment is affirmed.