**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry CLAY (03–5169); Timothy Baldridge (03–5456), Defendants–Appellants.**

**Nos. 03–5169, 03–5456.**

United States Court of Appeals, Sixth Circuit.

March 12, 2004.

John T. Tibbetts, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Jake E. Erwin, The Wagerman Law Firm, Stephen B. Shankman, Fed. Public Defender, Randolph W. Alden, Office of the Federal Public Defender, Memphis, TN, for Defendants–Appellants.

Before: MARTIN, CLAY, and CUDAHY,* Circuit Judges.

## ORDER

Defendants Jerry Clay (Case No. 03–5169) and Timothy Baldridge (Case No. 03–5456) appeal the sentences imposed upon their pleas of guilty to interfering with commerce by threats or violence in violation of 18 U.S.C. § 1951 and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). This court ordered the cases consolidated for briefing and submission. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The pertinent underlying facts are not in dispute. The defendants, both armed, entered a grocery store and forced a store employee (Mary Hatley) and the store manager (Paul Lamar) into the store office where the defendants demanded that Mr. Lamar open the store's safe. Baldridge put a gun to Ms. Hatley's head, told her to lie face down on the floor, and tied her hands behind her back with a phone cord. Clay hit Mr. Lamar in the head with a pistol when the store manager said that he did not know the combination to the safe.

Clay hit Mr. Lamar two more times in the same fashion when the store manager failed to open the safe. Mr. Lamar was knocked to the floor, and he lost consciousness. Mr. Lamar was subsequently transported to a hospital where he received several sutures above and below his eye.

The defendants pleaded guilty pursuant to plea agreements. The presentence reports (PSR) recommended that the defendants' offense levels be increased by four for "serious bodily injury" to Mr. Lamar pursuant to USSG § 2B3.1(b)(3)(B). At their sentencing hearing, Clay objected to the increase and argued that the injuries to Mr. Lamar did not constitute "serious bodily injury." Baldridge objected to the increase on the ground that he should not be held accountable for the injuries inflicted by Clay because the crime was not a jointly undertaken activity. The district court found that the nature of the injuries to Mr. Lamar fit squarely within the definition of "serious bodily injury." The district court also found that it was reasonably foreseeable that participation in an armed robbery of a grocery store might result in someone getting hurt. Consequently, the district court overruled the objections and sentenced Clay to 161 months of imprisonment and 3 years of supervised release. The district court sentenced Baldridge to 144 months of imprisonment and 3 years of supervised release.

On appeal, the defendants reassert that the court erred in applying a four-level enhancement pursuant to USSG § 2B3.1(b)(3)(B). Defendant Baldridge, while he did not list it as an issue on appeal, appears to reassert that he should not be held accountable for the injuries caused by defendant Clay because the

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

crime was not a jointly undertaken activity.

Initially, we note that defendant Baldridge did not object at sentencing to the four-level enhancement on the ground that the store manager's injuries lacked sufficient severity. Where there has been no objection, review is for plain error. Fed. R.Crim.P. 52(b); *United States v. Page*, 232 F.3d 536, 543 (6th Cir.2000).

We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States*, 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). The court conducts a de novo review where a matter presents strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir.2002). However, the more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Humphrey*, 279 F.3d 372, 379 n. 4 (6th Cir.2002).

■ Upon review, we conclude that the district court correctly applied a four-level sentencing enhancement because Mr. Lamar's injuries constituted "serious bodily injury" under USSG § 2B3.1. The Guidelines allow the district court to adjust the offense level for aggravated assault according to the seriousness of injury sustained by the victim. The enhancement for causing bodily injury is premised upon a particular result and penalizes a defendant based on the severity of the outcome. *See United States v. Perkins*, 89 F.3d 303, 308 (6th Cir.1996). A four-level upward adjustment applies if the victim sustained serious bodily injury. USSG § 2B3.1. Serious bodily injury is "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or

mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1, comment. (n. 1(j)); *United States v. Corbin*, 972 F.2d 271, 272 (9th Cir.1992).

Clay pistol-whipped Mr. Lamar several times. As a result of repeated blows to his head, Mr. Lamar fell to the floor, lost consciousness, and bled. He lost consciousness because his brain was temporarily impaired by the repeated blows. The impairment of a function of an organ qualifies under § 1B1.1 as a serious bodily injury. Moreover, Mr. Lamar was taken to a hospital because his injuries required medical intervention in the form of sutures. Medical intervention of this type qualifies Mr. Lamar's injuries as serious under § 1B1.1. *See Corbin*, 972 F.2d at 272. Thus, the district court did not clearly err. Mr. Lamar's injuries constituted "serious bodily injury," and the district court properly applied the four-level enhancement under § 2B3.1.

To the extent defendant Baldridge argues that he should not be held accountable for the injuries caused by defendant Clay, his argument is meritless. In essence, while he concedes that the relevant case-law in this circuit supports the district court's decision, Baldridge contends that the robbery of the grocery store was not a jointly undertaken activity between him and defendant Clay. Whether the criminal acts of others in a jointly undertaken criminal activity are reasonably foreseeable is a question of fact, reviewable only for clear error. *Canestraro*, 282 F.3d at 433; *United States v. Hamilton*, 263 F.3d 645, 654 (6th Cir.2001).

■ Section 1B1.3(a)(1)(B) of the Sentencing Guidelines provides that a calculation of base offense level shall include in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not

charged as a conspiracy), all *reasonably foreseeable acts* and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. USSG § 1B1.3(a)(1)(B) (emphasis added). Even accidental injuries may trigger a sentence increase if they are reasonably foreseeable. *See United States v. Molina*, 106 F.3d 1118, 1122–24 (2d Cir.1997); *United States v. Fitzwater*, 896 F.2d 1009, 1012 (6th Cir.1990).

The robbery was a jointly undertaken criminal endeavor, and the injuries to store manager Paul Lamar were reasonably foreseeable. Both defendants entered the grocery store at the same time. Each was armed with a loaded handgun. The defendants, acting together, forced two store employees into an office and demanded that the safe be opened. While defendant Baldridge tied Ms. Hatley's hands behind her back, defendant Clay was striking Mr. Lamar in an effort to get the store manager to open the safe. Both defendants left the store at the same time and were apprehended at the same time. The district court did not clearly err in determining that the defendants' criminal activity was undertaken jointly. Furthermore, the district court did not clearly err in determining that it was reasonably foreseeable that in the course of the robbery or escape, an injury might occur to a store employee. *See Fitzwater*, 896 F.2d at 1012.

Accordingly, we affirm the district court's judgment.