**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roger JAMES, Defendant–Appellant.**

**No. 90–10646.**

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 1992 *.

Decided Feb. 21, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David G. Alvarez, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Janet L. Patterson, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before GOODWIN, FARRIS and POOLE, Circuit Judges.

GOODWIN, Circuit Judge:

Following a jury trial, Roger James was convicted of aggravated sexual abuse, *see* 18 U.S.C. § 2241(c), for repeatedly sexually assaulting a nine-year-old female child. In the course of these assaults, the child was infected with the Herpes Type–II virus, a permanent, incurable and highly contagious sexually transmitted disease. The defendant appeals the district judge's classification of the disease as a "permanent or life threatening injury" under the Sentencing Guidelines, *see* U.S.S.G. § 2A3.1(b)(4), with its corresponding four-level sentence enhancement.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Notice of appeal was timely filed. Fed.R.App.P. 4(b). We review a district court's interpretation of the Guidelines de novo. *United States v. Carvajal*, 905 F.2d 1292, 1294 (9th Cir.1990). Because we find that the district court correctly interpreted and applied the Sentencing Guidelines, we affirm.

The specific issue before us is one of first impression. Section 2A3.1 of the Guidelines allows the base level offense of a defendant convicted of criminal sexual assault to be increased if the victim is injured in the assault. The degree of the enhancement is tied to the severity of the injury. The relevant section of the Guidelines provides:

> (A) If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) if the victim sustained serious bodily injury, increase by 2 levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.

U.S.S.G. § 2A3.1(b)(4). Definitions of these terms are provided in the commentary.

> "Permanent or life-threatening bodily injury" means injury involving a substantial risk of death; loss or substantial impairment of the function of a body member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent.

Commentary to U.S.S.G. § 1B1.1, Application Note 1(h).

> "Serious bodily injury" means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.

*Id.* at Application Note 1(j).

Statements included in the final presentencing report, evidence introduced at the hearing and the district judge's reasoning all support the conclusion that a nine-year-old girl infected with genital Herpes as the result of repeated sexual assaults has suffered permanent bodily injury within the meaning of the Guidelines.

The final presentencing report contained the following explanation for the four-level increase:

> The victim has contracted Herpes, a permanent sexually transmitted disease. An outbreak of Herpes results in blisters found in and around the genital area. The blisters develop into sores and are permanent, with recurrent episodes of the Herpes outbreak. As Herpes is asso-

ciated with lower resistance, the infection can lead to secondary infections, such as bladder infections, venereal warts, and vaginitis.

Herpes is a highly contagious disease transmitted through sexual activity. The disease has obvious and detrimental impacts on a person's life-style and relationships. Because of the danger of transmittal of the disease during child birth, medical literature recommends a caesarean alternative.

Beyond the physical dimension, the district judge noted the unique emotional and psychological impairments resulting from this assault. "[W]e must appreciate in this case the fact that the disease is permanent, is recurring. And while someone may overcome the psychological trauma of sexual abuse, it's also clear that by virtue of the recurring nature of this particular disease, that it would be [a] constant and recurring reminder of the abusive act itself, or acts in this case."

The four-level enhancement encompasses the permanent impairment of bodily members and organs, as well as the impairment of mental faculties and obvious disfigurement. The defendant has inflicted upon the victim a serious disease which medical science at present is unable to cure. Enhancement is appropriate in this case.

The defendant's argument that the district court's findings are inadequate under Fed.R.Crim.P. 32(c)(3)(D) is without merit, as is the defendant's claim concerning the absence of specific findings on the issue of whether Herpes constitutes "serious bodily injury." The proper classification of the injury in the higher category is necessarily a decision with respect to the lesser category.

AFFIRMED.