**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin Carlton CORBIN, Defendant–**
**Appellant.**

**No. 91–10563.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 1992.[*]

Decided Aug. 5, 1992.

Tim Holtzen, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Sandra Lynn Slaton, Paradise Valley, Ariz., for defendant-appellant.

Before: TANG, BEEZER and KOZINSKI, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

PER CURIAM:

Kevin Corbin appeals from his conviction and sentence, imposed following a jury trial, for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Corbin contends that the district court erred by (1) denying his motion for acquittal, because the government failed to introduce sufficient evidence to establish the victim bank's federally insured status, and (2) enhancing his base offense level under the United States Sentencing Guidelines for causing serious bodily injury to a victim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I. Denial of Motion for Acquittal

■ We will uphold the district court's denial of a motion for acquittal under Fed. R.Crim.P. 29 if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the accused guilty beyond a reasonable doubt of each element of the crime charged. *United States v. Brannan*, 898 F.2d 107, 109 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 100, 112 L.Ed.2d 71 (1990).

■ Before a defendant may be convicted of bank robbery in violation of the federal statute, the government must prove the federally insured status of the victim financial institution. *United States v. Campbell*, 616 F.2d 1151, 1153 (9th Cir.), *cert. denied*, 447 U.S. 910, 100 S.Ct. 2998, 64 L.Ed.2d 861 (1980). We have held that bank employees' uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt. *See id.*

Here, James Richardson, a financial services representative for the victim branch of Bank of America, testified that the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

Corbin did not contest this evidence at trial. His argument that the testimony was insufficient as a matter of law is precluded by our holding in *Campbell*. Accordingly, the district court did not err by denying his motion for acquittal. *See Brannan*, 898 F.2d at 109.

II. Determination of Sentencing Range

■ We review de novo the district court's legal interpretation of the Sentencing Guidelines. *United States v. James*, 957 F.2d 679, 680 (9th Cir.1992).

■ The Guidelines provide that the base offense level for robbery shall be increased by four levels if a victim sustained "serious bodily injury." U.S.S.G. § 2B3.1(b)(3)(B). The Guidelines' general application provisions define "serious bodily injury" as "injury involving extreme physical pain ... or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, comment. (n.1(j)).

Here, the presentence report (PSR) stated that Corbin twice struck James Richardson on the head with a metal object resembling a gun, causing a laceration which required a two-layer closure using more than 25 sutures. Corbin does not contest these facts, but argues that Richardson suffered only a "bodily injury" rather than a "serious bodily injury" and that the district court should have increased his offense level by only two or three levels instead of four.

This specific issue is one of first impression. Although no case authorities have defined the term "serious bodily injury" as used in the Guidelines, the definition provided by the Commentary reasonably includes the type of injury suffered by Richardson.[1] Corbin's argument that a two-layer closure involving more than 25 sutures does not constitute "surgery" simply lacks merit.[2] The district court did not err

1. The Application Notes expressly state that "as used in the guidelines, the definition of this term is somewhat different than that used in various statutes." U.S.S.G. § 1B1.1, comment. (n.1(j)). Consequently, the state authorities cited by Corbin are not applicable here.

2. Corbin also argues that the fact that Richardson requested only $56.75 in restitution indicates that the injury was not serious. We note, however, that the victim's medical costs were covered by the bank's insurance, and that the restitution amount applied only to those items

by finding that Corbin had caused serious bodily injury warranting a four-level increase. *Cf. United States v. Greene*, 964 F.2d 911, 912, (9th Cir. May 18, 1992) (applying Guidelines' definition of "bodily injury"); *James*, 957 F.2d at 680–81 (applying Guidelines' definition of "permanent or life-threatening bodily injury").

AFFIRMED.

of his clothing which were ruined by blood stains. *See* PSR at 4.