988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Arenas ROMERO, Defendant-Appellant.
 No. 92-10293.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-91-00517-01-JM; John M. Roll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Arenas Romero appeals his conviction, following a jury trial, for failing to report exporting currency in excess of $10,000 in violation of 31 U.S.C. § 5316. Romero contends that the evidence was insufficient to support his conviction. Romero also contends that he received ineffective assistance of counsel because his trial counsel failed to move to suppress the evidence seized pursuant to a border patrol stop. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Sufficiency of Evidence
 
 
 4
 "We will uphold the district court's denial of a motion for acquittal under Fed.R.Crim.P. 29 if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the accused guilty beyond a reasonable doubt of each element of the crime charged." United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) (per curiam).
 
 
 5
 To establish a violation of section 5316(a)(1)(A), "the government must prove that the defendant had knowledge that (1) he was transporting funds in excess of $10,000 and (2) the law required him to submit a report." United States v. Alzate-Restreppo, 890 F.2d 1061, 1064 (9th Cir.1989); see also United States v. Gomez-Osorio, 957 F.2d 636, 640-41 (9th Cir.1992).
 
 
 6
 At jury trial, United States Customs Agents Michael Seay and Shawn Bray testified to the following facts. On November 5, 1991, at approximately 8:00 p.m., Romero attempted to exit the United States by driving a Ford Bronco through the Naco Port of Entry into Mexico. At the Naco port, on both sides, large signs state the currency reporting requirements for amounts of $10,000 or more. Agent Seay, who previously had seen Romero enter and exit the port "more than a dozen times," stopped Romero's vehicle and asked him, among other things, "if he was taking $10,000 or more into Mexico." Romero replied "no." Agent Seay then asked Romero to step out of the vehicle and searched under the driver's seat. Agent Seay found currency, totaling $10,000, in a plastic grocery bag. During a pat-down search, Agent Seay discovered that Romero was carrying a total of $1400 in his pockets and wallet. Agent Bray interviewed Romero regarding his failure to declare the money when he entered the port. Romero replied that "he did not declare the money; that he had forgotten it, but that he did know what the requirements for declaring money were."
 
 
 7
 Romero contends that the evidence was insufficient to prove that he had knowledge of the reporting requirements because (1) Agent Seay did not inform him that he was required to declare the money and (2) the government failed to establish whether the signs were visible that night. These contentions lack merit.
 
 
 8
 The evidence showed that he previously entered and exited the port over a dozen times and that warning signs were posted at the port. In addition, Agent Shay testified that Romero admitted that he knew the reporting requirements.
 
 
 9
 Viewing this evidence in the light most favorable to the government, a reasonable jury could have found that Romero "had knowledge of the reporting requirements" See Gomez-Osorio, 957 F.2d at 641 (knowledge supported by defendant's previous six entries into the United States and warning posters); see also Alzate-Restreppo, 890 F.2d at 1065 (evidence sufficient to show defendant's knowledge of reporting requirement based on announcements, warning posters and signed customs declaration).
 
 II
 Ineffective Assistance of Counsel
 
 10
 Generally, we will not address claims of ineffective assistance of counsel on direct appeal because such claims are more appropriately reviewed in a habeas corpus proceeding. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). We may, however, address such claims on direct appeal where the record is sufficiently developed, as here, to resolve the issue. See United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991).
 
 
 11
 Romero, relying on United States v. Arends, 776 F.2d 262, 264-65 (11th Cir.1985) (prior version of 31 U.S.C. § 5317(b) required a warrant showing probable cause to search a person or place for possible violations of currency reporting requirements), argues that he received ineffective assistance of counsel because his trial counsel did not move to suppress the evidence based on lack of reasonable suspicion. Romero's reliance on Arends is misplaced.
 
 
 12
 The applicable version of section 5317(b), in effect at the time of Romero's offense, does not require a search warrant. See 31 U.S.C. § 5317(b) (1991). Therefore, the customs agent was free to stop and search Romero's vehicle at the border without a search warrant to ensure compliance with the reporting requirement. See id.
 
 
 13
 Accordingly, "it [was] not professionally unreasonable [for Romero's counsel] to decide not to file a motion so clearly lacking in merit." See Molina; 934 F.2d at 1447.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3