12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dartell Lamont WRIGHT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gill Quinton McDONALD, Defendant-Appellant.
 Nos. 93-30034, 93-30037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion appeals, Dartell Lamont Wright appeals his 97 month sentence imposed following resentencing after remand for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d); and use of a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924(c). Gill Quinton McDonald appeals his 156 month sentence imposed following resentencing after remand for conspiracy to commit bank robbery in violation of 18 U.S.C. Sec. 371; armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d); and use of a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924(c). McDonald contends the jury instructions omitted an essential element and the district court did not state sufficient reasons for imposing the sentence. Both McDonald and Wright contend the district court clearly erred by finding a victim suffered serious bodily injury, and the government concedes that this was error. We have jurisdiction under 28 U.S.C. Sec. 1291 and we vacate and remand for resentencing.
 
 
 3
 * Jury Instruction
 
 
 4
 McDonald argues the district court failed to instruct the jury that aiding and abetting an armed bank robbery requires knowledge that the principal has and intends to use a gun. We do not consider this issue.
 
 
 5
 "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Wright, 716 F.2d 549, 550 (9th Cir.1983) (per curiam); accord Munoz v. County of Imperial, 667 F.2d 811, 817 (9th Cir.), cert. denied, 459 U.S. 825 (1982).
 
 
 6
 Here, McDonald first appealed his conviction on a jury instruction issue and his sentence after the district court found the Sentencing Guidelines unconstitutional. We affirmed the conviction but remanded for resentencing under the Guidelines. In his second appeal, McDonald challenged the district court's upward departure and we remanded for resentencing. In his third appeal, McDonald raised a double jeopardy issue on the consecutive sentences and the district court's compliance with Fed.R.Crim.P. 32(c)(3)(D). We rejected the double jeopardy claim but again remanded for resentencing. In this fourth appeal, McDonald raises a new jury instruction issue.
 
 
 7
 Because McDonald could have raised the jury instruction issue in his first appeal, we decline to consider it at this late date. See Wright, 716 F.2d at 550; Munoz, 667 F.2d at 817.
 
 II
 Bodily Injury
 
 8
 Both McDonald and Wright contend the district court clearly erred by finding the victim suffered serious bodily injury. The government concedes the error and we agree.
 
 
 9
 We review de novo the district court's legal interpretation of the Sentencing Guidelines. United States v. James, 957 F.2d 679, 680 (9th Cir.1992). We review for clear error the factual findings underlying a sentence determination. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 10
 The Guidelines provide for a two-level upward adjustment in the base offense level if any victim sustained bodily injury and a four-level upward adjustment if any victim sustained serious bodily injury. U.S.S.G. Sec. 2B3.1(b)(3)(A)-(B).[1] "Bodily injury" is "any significant injury," for example, "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." Id. Sec. 1B1.1, comment. (n. 1(b)); see, e.g., United States v. Greene, 964 F.2d 911 (9th Cir.1992) (victim suffered bodily injury when she was slapped on the face, leaving a red, swollen cheek and the defendant's handprint on the skin). By contrast, "serious bodily injury" is "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. Sec. 1B1.1, comment. (n. 1(j)); see, e.g., United States v. Corbin, 972 F.2d 271 (9th Cir.1992) (serious bodily injury caused when the defendant struck a police officer in the head with a gun and the wound required twenty-five sutures).
 
 
 11
 Here, the district court found one teller suffered "serious bodily injury" because she "experienced chest pains severe enough to make her feel that she was having a minor heart attack" and "got so nervous her heart would periodically 'miss a beat.' " As a result of these heart palpitations, she received treatment from a doctor a few weeks before trial. A second teller described her fears, but no physical injury.
 
 
 12
 The described injuries do not constitute "serious" bodily injury because they do not amount to "extreme physical pain" and did not require "medical intervention" as defined by the Guidelines and this court. See U.S.S.G. Sec. 1B1.1, comment. (n. 1(j)); Corbin, 972 F.2d at 272; cf. Greene, 964 F.2d at 912.[2] Accordingly, the district court clearly erred by adjusting by four levels the base offense levels of Wright and McDonald.
 
 III
 Reasons for Sentence Imposed
 
 13
 McDonald also argues the district court erred by not stating specific reasons for the sentence imposed and not revealing its sentencing calculations. McDonald mistakenly interprets 18 U.S.C. Sec. 3553(c)(1) to require the district court to state "the reason for imposing a sentence at a particular point" if the sentence exceeds twenty-four months. That provision, however, applies when the sentencing range exceeds twenty-four months. United States v. Lockard, 910 F.2d 542, 545 (9th Cir.1990). Here, the sentencing range did not exceed twenty-four months and the district court clearly found the serious bodily injury adjustment applied. Moreover, although the district court did not specifically refer to the probation officer's calculation, because it was the fourth sentencing hearing, the district court stated that the sole issue was the serious bodily injury adjustment following this court's remand, and the record "reflects no confusion on anyone's part as to what the district court decided," we reject McDonald's contention. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since the original sentencing, the base offense level for robbery was increased from 18 to 20. See U.S.S.G.App. C (n. 110) (eff. 11/1/89). Because the increase disadvantages McDonald and Wright, we apply the Guidelines that were in effect at the time the offenses were committed. See United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992), cert. denied, 114 S.Ct. 397 (1993)
 
 
 [2]
 McDonald also argues the district court improperly considered his codefendants' conduct when adjusting the base offense level. Because a defendant is liable for the "conduct of others in furtherance of the execution of a jointly-undertaken criminal activity that was reasonably foreseeable by the defendant," the district court did not err to the extent it considered the foreseeable conduct of McDonald's codefendants in applying enhancements to McDonald's base offense level. See U.S.S.G. Sec. 1B1.3, comment. (n. 2); see, e.g., United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990) (husband's possession of gun reasonably foreseeable to wife therefore weapons enhancement applied to her)