15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lamar BROWN, Defendant-Appellant.
 No. 92-50749.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided Dec. 17, 1993.
 
 Before: FLETCHER, PREGERSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Lamar Brown appeals the district court's denial of his suppression motion and his Rule 29 motion for acquittal, as well as his subsequent conviction of one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Brown also argues that prosecutorial misconduct during closing argument requires reversal.
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 4
 Brown contends that the district court erred in denying his motion to suppress evidence because police officers lacked reasonable suspicion to stop the Mazda RX-7. We review de novo whether reasonable suspicion existed for an investigatory stop. United States v. Hernandez-Alverado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 A review of the circumstances indicates that reasonable suspicion existed for the stop. The stop was made within minutes of the attempted bank robbery. The officer knew the direction the robber had taken and had heard his radio description. The car was where the robber reasonably could be expected to be and the radioed description fit. This was an example of good police work. We find that the record supports the district court's finding of reasonable suspicion and its denial of the motion to suppress.[1]
 
 II.
 
 6
 Brown argues that his Fed.R.Crim.P. 29 motion for acquittal should have been granted because the evidence was insufficient to prove that he committed the attempted bank robbery. The test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Bank tellers Hannah and Mortensen both positively identified Brown as the robber in a field showup conducted shortly after the attempted robbery and identified him again in court.[2] They also positively identified the shirt he was wearing during the robbery. Both Hannah and Mortensen described a distinctive haircut which matched Brown's booking photo, although only Hannah remembered the robber having a hair "tail" similar to Brown's photo. Additionally, part of the torn demand note was found in the RX-7 in which Brown was a passenger. While the descriptions the tellers gave before the field showup fit the driver of the RX-7 better than they fit Brown, who was the passenger, this does not overcome the evidence described above, which we conclude was sufficient to support Brown's conviction.
 
 III.
 
 8
 Brown also argues there was insufficient evidence to establish that the bank was federally insured at the time of the robbery. A defendant cannot be convicted of bank robbery under 18 U.S.C. Sec. 2113, or attempted bank robbery, unless the government proves that the bank was federally insured. United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992). A bank employee's uncontradicted testimony of a bank's insured status is sufficient to support the jury's conclusion that this element was proven beyond a reasonable doubt. Id.; United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir.), cert. denied, 447 U.S. 910 (1980). Furthermore, an FDIC certificate is proof of insured status. United States v. Bellucci, 995 F.2d 157, 160 (9th Cir.1993).
 
 
 9
 Here, the government introduced a certificate of insurance issued by the FDIC, and the testimony of bank employee Lori Schaefer. Schaefer testified that the deposits of Bank of America were insured on the date of the robbery. While Bank of America did merge with Security Pacific shortly before the attempted robbery, there was no evidence that this altered Bank of America's insured status. The evidence was sufficient to establish that the bank was federally insured on the date of the attempted robbery. See Corbin, 972 F.2d at 272; Bellucci, 995 F.2d at 160.
 
 IV.
 
 10
 Brown next contends that it was improper for the prosecutor to argue during closing argument that the demand note read "This is a robbery, don't make it a murder. Give me hundreds, fifties, twenty, et cetera or else dead." Because Brown failed to object at trial, we review the alleged misconduct for plain error and will reverse only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Young, 470 U.S. 1, 15 (1985); Fed.R.Crim.P. 52(b).
 
 
 11
 We conclude that the prosecutor's comments here were proper. "[P]rosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence...." United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). The first line of the note clearly states "This is a robbery." The second line begins with "Dont" and ends with "-urder". The last two words on the fourth line are "els- -ead". From this evidence, it was reasonable for the prosecutor to infer that the note contained a death threat that would be carried out if the demands were not met.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that Brown was not seized until physically apprehended after being chased down on foot. See California v. Hodari D., 499 U.S. 621 (1991) (an individual's failure to comply with an officer's show of authority enjoining the individual to halt postpones the moment of seizure for purposes of the Fourth Amendment until that individual is physically apprehended by the authorities). We need not reach this argument because of our conclusion that reasonable suspicion existed for the initial stop of the RX-7
 
 
 [2]
 Brown argues that the field showup was extremely suggestive. The government contends that Brown waived this claim by failing to contest the pretrial identification procedures. Even if the claim is not waived, it is without merit. See United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985) (approving admission of identification that bank teller made while defendant was seated in a police car, handcuffed, and surrounded by police officers), cert. denied, 475 U.S. 1023 (1986); United States v. Kessler, 692 F.2d 584, 585-87 (9th Cir.1982) (reversing exclusion of eyewitness' identification testimony despite discrepancies between pre and post showup descriptions and despite the facts that defendant was handcuffed, surrounded by police officers, and called a "suspect")