34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward HUNTER, Defendant-Appellant.
 No. 94-10028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Edward Hunter appeals his sentence of 57 months imposed after he pleaded guilty to assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. Sec. 113(c). Hunter challenges the district court's finding regarding the seriousness of injury sustained by the victim. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review the district court's interpretation and application of the Sentencing Guidelines de novo and the factual findings underlying a sentence determination for clear error. United States v. Hinton, No. 93-10323, slip op. 8489, 8505-06 (9th Cir. July 28, 1994).
 
 
 4
 The Guidelines allow the district court to adjust the offense level for aggravated assault according to the seriousness of injury sustained by the victim. A four-level upward adjustment applies if the victim sustained serious bodily injury. U.S.S.G. Sec. 2A2.2(b)(3)(B). Serious bodily injury is "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." Id. Sec. 1B1.1, comment. (n. 1(j)); United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) (per curiam) (serious bodily injury caused when defendant struck a police officer in the head with a gun and the wound required twenty-five sutures).
 
 
 5
 By contrast, the Guidelines specify a six-level upward adjustment if the victim sustained permanent or life threatening bodily injury. U.S.S.G. Sec. 2A2.2(b)(3)(C). Permanent or life threatening bodily injury is "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." Id. Sec. 1B1.1, comment. (n. 1(h)); Hinton, slip op. at 8506 (life threatening bodily injury occurred when victim lost considerable amounts of blood and defendant denied her access to medical treatment).
 
 
 6
 If the degree of injury is between serious and life threatening, a five-level adjustment applies. U.S.S.G. Sec. 2A2.2(b)(3)(E).
 
 
 7
 Here, Philip Sterbling was hospitalized for sixteen days after suffering fractures and lacerations to his face during a drunken brawl with Hunter. In addition, the doctor concluded that the injuries were "potentially" life threatening because Sterbling might develop infection or mucocele.
 
 
 8
 Hunter argues that a four-level, rather than a five-level, increase was appropriate because the injury fell within, but not above, the definition of serious bodily injury. We discern no error in the district court's conclusion that the injury was going to require continued observation and was potentially life threatening if the infection or mucocele developed, and therefore "falls squarely in between the two [levels of injury]." Cf. Hinton, slip op. at 8506; Corbin, 972 F.2d at 272.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3