36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maynard Michael OLD CHIEF, Defendant-Appellant.
 No. 94-30121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maynard Michael Old Chief appeals his sentence under the Sentencing Guidelines for his guilty plea conviction to three counts of assault on federal officers in violation of 18 U.S.C. Sec. 111. Old Chief contends that the district court erred in setting the Guideline Range when it added four levels for "serious bodily injury" pursuant to U.S.S.G. Sec. 2A2.2(b)(3)(B), because the officer's injuries more properly fit the definition of "bodily injury" warranting only a two level increase. "Serious bodily injury" involves an injury with " 'extreme physical pain ... or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.' " United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) (a laceration which required a two-layer closure constituted a serious bodily injury), quoting U.S.S.G. Sec. 1 B1.1, comment n. 1(j). Officer Old Person suffered a concussion, head lacerations, abrasions, damaged muscles, loss of peripheral vision, and post traumatic stress as a consequence of Old Chief repeatedly ramming the officer's vehicle with his pickup truck. The injuries are sufficient to support the district court's finding of "serious bodily injury." Id.
 
 
 3
 Old Chief also contends that the district court erred in determining his criminal history category when it determined that his two felony assault convictions were unrelated cases pursuant to U.S.S.G. Sec. 4A1.2(a)(2). Specifically, he contends that the November 1, 1991 amendment to the Guidelines, which provided that "prior sentences are not considered related if they were for offenses separated by an intervening arrest," U.S.S.G. Sec. 4A1.2, Application note 3, did not apply because the prior assault convictions occurred before the 1991 Amendment. The 1991 Amendment does apply to Old Chief's 1993 sentence, however, because the "district court must apply the version of the Guidelines in effect at the time of sentencing." United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir.1993). Accordingly, the district court did not err in treating the two prior assault convictions as unrelated where there was an intervening arrest.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3