129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Denard Darnell NEAL, Defendant-Appellee.
 No. 95-15524.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Decided October 23, 1997.
 
 Appeal from the United States District Court for the District of Arizona C.A. Muecke, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Denard Darnell Neal, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 petition. Neal contends that he received ineffective assistance of counsel on appeal. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo both an order denying a section 2255 motion and a determination that a defendant received effective assistance of counsel, see McMullen v. United States, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997), and affirm.
 
 
 3
 To establish ineffective assistance of counsel on appeal, Neal must prove that: (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable possibility that but for counsel's deficient performance, Neal would have prevailed on appeal. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir.1989). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 4
 Neal first contends that appellate counsel was ineffective for failing to argue that he was denied the right to represent himself. This contention lacks merit.
 
 
 5
 Under the Sixth Amendment, a criminal defendant has the right to represent himself provided his waiver of counsel is knowing and intelligent, unequivocal, timely, and not for the purpose of delay. See Faretta v. California, 422 U.S. 806, 835 (1975). Here, after the district court had already granted two of Neal's requests for a new attorney and had just granted his new attorney 30 days to prepare for trial, Neal said he wanted to represent himself and would need at least 60 days to prepare for trial. Instead of denying Neal's request, the district court told Neal he could file a written motion as he had done previously. Because Neal declined to do so, we conclude that his request to represent himself was equivocal and merely for the purpose of delay. See United States v. Flewitt, 874 F.2d 669, 675 (9th Cir.1989) (court may consider events preceding request for self-representation to determine whether the request is made for delay). Accordingly, appellate counsel was not ineffective for failing to raise this claim. See Strickland, 466 U.S. at 697.
 
 
 6
 Neal next contends that counsel was ineffective for failing to argue that the evidence was insufficient to support his convictions for armed bank robbery under 18 U.S.C. § 2113(a) because the prosecution failed to prove that the banks he robbed were federally insured. This contention lacks merit because the government presented bank tellers' uncontradicted testimony that the bank was federally insured. See United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) (per curiam) (bank employees' uncontradicted testimony sufficient to prove bank's insured status).
 
 
 7
 Neal also contends that appellate counsel was ineffective for failing to argue that the district court erred by: (1) conducting jury proceedings in his absence and (2) admitting other crimes evidence in violation of Fed.R.Evid. 404(b). The record does not support either of these contentions. All jury proceedings other than deliberations were conducted in Neal's presence. Furthermore, Neal's four prior felony convictions were properly admitted to impeach his credibility under Fed.R.Evid. 609(a)(1) when he testified. See United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir.1995) (prior convictions admissible under Fed.R.Evid. 609(a)(1) against defendant who testifies and denies commission of charged offense).
 
 
 8
 Finally, Neal contends that appellate counsel was ineffective for failing to argue that the district court violated Fed.R.Crim.P. 11(e)(6)(C) when it allowed the prosecutor to elicit Neal's testimony that he had committed perjury because Neal had admitted to committing perjury during proceedings to withdraw his guilty plea. This contention lacks merit.
 
 
 9
 Rule 11 provides that statements made in the course of any plea proceedings under the rule are generally not admissible against the defendant. See Fed.R.Crim.P. 11(e)(6)(C); Fed.R.Evid. 410(3). Because proceedings to withdraw a guilty plea prior to a successful appeal are governed by Fed.R.Crim.P. 32(e) and not Rule 11, the court properly exercised its discretion under Fed.R.Evid. 608(b) by allowing the prosecutor on cross-examination to inquire into statements Neal made during the proceedings. See Fed.R.Evid. 608(b) (allowing inquiry on cross-examination into specific instances of witness's conduct concerning character for untruthfulness).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's motion to expedite this appeal is denied as moot
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3