**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50080 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01355-JAH-1 |
| v. | |
| ERIN D. LOVELLETTE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Defendant Erin D. Lovellette ("Lovellette") was indicted on charges of theft

by a credit union employee, in violation of 18 U.S.C. § 657, and tax evasion, in

violation of 26 U.S.C. § 7201.  A jury found Lovellette guilty on both counts.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lovellette appeals her convictions.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.  We address her arguments in turn.

**1.**  Lovellette argues that insufficient evidence supports her conviction for theft by a credit union employee because the government failed to prove: (1) that the credit union at issue, Pacific Marine Credit Union ("PMCU"), was insured by the National Credit Union Administration Board; (2) that $100,000 was stolen from PMCU; and, (3) that Lovellette stole the $100,000.  Lovellette's arguments fail, as there was sufficient evidence for a rational jury to find each of the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

William Bernie, the internal auditor at PMCU, testified that PMCU's deposits were insured by the federal government.  During Bernie's testimony, the government also offered into evidence a certificate by the National Credit Union Administration.  *See United States v. Bellucci*, 995 F.2d 157, 160 (9th Cir. 1993) (holding that a bank's FDIC certificate of insurance was sufficient to establish that the bank was insured by the FDIC); *United States v. Corbin*, 972 F.2d 271, 272 (9th Cir. 1992) ("We have held that bank employees' uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt.").  Bernie also testified that

2

$100,000 was stolen from the PMCU Branch on May 2, 2002. Branch manager Candace Neuroth likewise testified that $100,000 went missing from the branch on May 2, 2002. The evidence also established that Lovellette had access to the missing cash, and that in 2002 Lovellette deposited over $70,000 in her various bank accounts, the majority of which were in $100 denominations. This was significantly higher than the $34,379.00 in income Lovellette and her husband declared on their 2002 joint income tax return. Accordingly, sufficient evidence supports Lovellette's conviction for theft by a credit union employee. *Jackson*, 443 U.S. at 319.

**2.** Because sufficient evidence establishes that Lovellette stole $100,000 from PMCU and failed to pay income taxes on the stolen money, sufficient evidence also supports Lovellette's conviction for tax evasion. *Id.*

**3.** The admission of various business and public records during Lovellette's trial did not violate the Sixth Amendment's Confrontation Clause. "Business and public records are generally admissible absent confrontation . . . because–having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial–they are not testimonial." *Melendez-Diaz v. Mass.*, 129 S. Ct. 2527, 2539-40 (2009).

**4.** The government's use of certificates of authenticity during Lovellette's trial did not violate the Sixth Amendment's Confrontation Clause. *See United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

**5.** The district court did not abuse its discretion when it declined to give Lovellette's proffered jury instructions regarding lost evidence. Lovellette has not demonstrated that the evidence was lost in bad faith or that she was prejudiced by the loss. *See United States v. Artero*, 121 F.3d 1256, 1259 (9th Cir. 1997); *United States v. Jennell*, 749 F.2d 1302, 1308-09 (9th Cir. 1984).

**AFFIRMED.**