

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30147 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00057-SEH-2 |
| v. | |
| VERNON MARSHALL JAMES YOUNG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 7, 2013
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Vernon Young appeals his conviction and sentence for simple assault and

assault with a dangerous weapon. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

**1.** We reject Young's argument that insufficient evidence supported his convictions, because the victim's testimony would permit a rational juror to conclude beyond a reasonable doubt that Young attacked the victim with a hammer while others held the victim down. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) ("[W]e are obliged to construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

**2.** We reject Young's argument that the district court erred by rejecting his proposed jury instruction on mere presence, because the other instructions made clear that mere presence was insufficient to support a conviction. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory."), *overruling on other grounds recognized by United States v. Doe*, No. 11-10067, 2013 WL 363016, at *8 (9th Cir. Jan. 31, 2013).

**3.** We reject Young's argument that the district court erred by admitting the testimony of a forensic DNA analyst although the government failed to provide a witness to testify as to how the samples the DNA analyst tested were transported

2

from the office of the investigating officer in Montana to the analyst's office in Virginia. "The possibility of a break in the chain of custody goes only to the weight of the evidence," not to its admissibility. *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991). Nor does the absence of chain-of-custody testimony implicate the Confrontation Clause. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009) ("[I]t is not the case[] that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device[] must appear in person as part of the prosecution's case.").

4.　We reject Young's argument that the district court erred by applying a five-point enhancement for serious bodily injury because he was acquitted at trial of assault resulting in serious bodily injury. This argument is precluded by *United States v. Watts*, 519 U.S. 148, 157 (1997), which held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." The victim's injuries, which included gashes causing substantial blood loss and requiring sutures, staples and hospitalization to repair, supported an enhancement for serious bodily injury. *See United States v. Corbin*, 972 F.2d 271, 272 (9th Cir. 1992) (upholding a sentencing enhancement

3

for serious bodily injury because a laceration requiring a two-layer closure using more than 25 sutures was "reasonably include[d]" in the "definition provided by the Commentary" to the Guidelines).

**AFFIRMED.**