**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-50127 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00129-RGK-1 |
| v. | |
| JOSHUA PEREZ, AKA Lil Boy, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-50143 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00129-RGK-3 |
| v. | |
| LUIS MANUEL DE LA ROSA, AKA Funny, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-50150 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00129-RGK-2 |
| v. | |
| ANDY REAL, AKA Pretty Boy, AKA Lil | |

---

 *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Andy,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 9, 2019
Pasadena, California

Before:  OWENS, R. NELSON, and MILLER, Circuit Judges.

Joshua Perez, Luis Manuel De La Rosa, and Andy Real (collectively,

"Appellants") appeal from their convictions and sentences for assaulting a federal

officer resulting in bodily injury in violation of 18 U.S.C. § 111.  As the parties are

familiar with the facts, we do not recount them here.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

1.  Perez challenges his conviction on two grounds.  Because neither

objection was raised below, we review for plain error, *see United States v.*

*Springer*, 51 F.3d 861, 864 n.1 (9th Cir. 1995); Fed. R. Crim. P. 30(d), and we

affirm his conviction.

First, Perez argues that the district court's decision to limit the self-defense

jury instruction, so that it did not apply to Perez's conduct outside the courtyard

gate, denied him a fair trial.  Perez was entitled to an instruction on his theory of

the case "so long as the instruction he requested was 'supported by law and ha[d]

2

some foundation in the evidence.'" *United States v. Ornelas*, 906 F.3d 1138, 1147 (9th Cir. 2018) (citation omitted). However, objectively viewing the evidence presented of Perez's conduct outside the courtyard gate, Perez did not have "a reasonable belief that the use of force was necessary to defend himself . . . against the immediate use of unlawful force" nor did he "use . . . no more force than was reasonably necessary in the circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) (citation omitted). Both trial testimony, including Perez's own testimony, and surveillance video make clear that Perez was the attacker outside the gate. And, because "an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault," *id.*, the district court's limited self-defense jury instruction was not plain error.

Second, Perez contends that the district court's remarks about and instruction to the jury regarding the Bureau of Prisons instructional video on pat-downs were excessive and improper. However, the district judge's conduct did not "project[] to the jury an appearance of advocacy or partiality." *United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) (per curiam) (citation omitted). Plus, the judge "ha[d] broad discretion to comment upon the evidence." *Navellier v. Sletten*, 262 F.3d 923, 942 (9th Cir. 2001). Moreover, to warrant reversal, the alleged misconduct must have had a prejudicial effect on Perez – an analysis made "in light of the evidence of guilt." *Scott*, 642 F.3d at 799 (citation omitted). As there

was substantial evidence to convict, Perez was not prejudiced by this conduct.

2. Appellants contend that the district court miscalculated the Sentencing Guidelines because it erred in finding that the officers suffered "serious bodily injury." U.S.S.G. § 1B1.1 cmt. n.1(L) (2016). First, Appellants argue that the district court erred in only requiring proof by a preponderance of evidence, rather than clear and convincing evidence, when making this "serious bodily injury" finding. Appellants did not raise this objection below; therefore, plain-error review applies. *See United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). Because the totality of circumstances did not definitively require applying the clear and convincing standard, *see United States v. Barragan*, 871 F.3d 689, 717 (9th Cir. 2017), and the district court could have made this finding under either standard, the district court did not plainly err nor were Appellants' rights substantially affected.

Second, Appellants allege that, under any standard of proof, the district court erred in finding that the officers' injuries amounted to "serious bodily injury." Although the standard of review is unsettled, the district court's finding survives either clear-error or abuse-of-discretion review. The officers suffered extensive injuries requiring numerous doctors' appointments, CT scans and x-rays, pain medications, and significant time off of work. This reasonably satisfied at least one of the Guidelines' means of defining "serious bodily injury." U.S.S.G.

§ 1B1.1 cmt. n.1(L) (2016) (requiring the injury to "involv[e] extreme physical pain," result in "the protracted impairment of a function of a bodily member, organ, or mental faculty," or "require[] medical intervention such as surgery, hospitalization, or physical rehabilitation"); *see also United States v. Corbin*, 972 F.2d 271, 272 (9th Cir. 1992) (per curiam) (affirming a "serious bodily injury" finding when the victim was hit "on the head with a metal object . . . causing a laceration which required a two-layer closure using more than 25 sutures").

3.  Real argues that his 48-month sentence is unreasonable because the district court failed to address or account for his "nonfrivolous mitigation arguments." We reject this argument. The district court correctly calculated the Sentencing Guidelines, *see United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc), and addressed the 18 U.S.C. § 3553(a) factors, noting, for instance, Real's supportive family and his co-defendants' sentences, *see United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) (requiring that the district court set forth a "sufficient explanation" for appellate review). Nor is Real's sentence substantively unreasonable. Although there was testimony that Real ordered the other inmates to assault the officers, he still received a well below-Guidelines sentence. *See United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the

5

particular circumstances." (citation omitted)).  As such, we affirm Real's 48-month sentence.

4.  The parties agree that three of Appellants' supervised release terms – Standard Conditions 5, 6, and 14 – require modification in light of *United States v. Evans*, 883 F.3d 1154 (9th Cir. 2018).  We concur, and remand for the district court to impose correct conditions in the first instance.  *See United States v. Ped*, No. 18-50179, 2019 WL 6042813, at \*5 (9th Cir. Nov. 15, 2019).

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

FILED

DEC 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILLER, Circuit Judge, concurring in part and dissenting in part:

I join in the court's disposition and reasoning, except as to part 2, which affirms the application of the Sentencing Guidelines enhancement for "serious bodily injury." U.S.S.G. § 2A2.2 (2016). Circuit precedent establishes that a district court must require proof by clear and convincing evidence in finding facts supporting an enhancement, like this one, that results in an "increase in the total number of offense levels" of greater than four, when "the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range." *United States v. Jordan*, 256 F.3d 922, 929 (9th Cir. 2001); *accord United States v. Valle*, 940 F.3d 473, 479–80 (9th Cir. 2019); *United States v. Hymas*, 780 F.3d 1285, 1291–92 (9th Cir. 2015). Further, we have held that an erroneous failure to apply that standard of proof constitutes plain error. *Jordan*, 256 F.3d at 930–31. For the reasons given by the court, the district court might have made the requisite findings under the correct standard of proof—"but it might not have, either." *Hymas*, 780 F.3d at 1292. The district court made no findings at all, even though some of the key facts were disputed and the presentence reports did not recommend application of the enhancement for serious bodily injury. I would therefore vacate and remand for resentencing.