**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50299 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03485-AGS-1 |
| v. | |
| LANCE LAMONT LAVERT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Lance Lamont Lavert was convicted by jury of Hobbs Act robbery under 18

U.S.C. § 1951(a), brandishing a firearm during a crime of violence under 18

U.S.C. § 924(c), and being a felon in possession of a firearm under 18 U.S.C.

§ 922(g)(1).  He appeals his brandishing conviction, as well as the 189-month

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence he received for the three offenses.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Lavert contends that the court should vacate his conviction for brandishing a firearm "during and in relation to any crime of violence" because Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A).  We review de novo and conclude that this argument is foreclosed by circuit precedent.  *See United States v. Dominguez*, 954 F.3d 1251, 1256, 1260–61 (9th Cir. 2020).

Lavert also asserts that the district court abused its discretion when it imposed an enhancement under U.S.S.G. § 2B3.1(b)(3)(B) for causing serious bodily injury to one of his victims.   While Lavert concedes that the victim was injured, he argues that the injuries were not sufficiently serious to warrant the four-level enhancement.  We disagree.  The record shows that Lavert struck the victim on the head with a gun, causing a laceration requiring nine staples, continuing treatment for trauma and the head injury, and an extended medical leave from work.  On this record, the district court did not abuse its discretion in imposing the enhancement.  *See* U.S.S.G. § 1B1.1 cmt. n.1(M) ("serious bodily injury" is "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation"); *United States v.*

2                                                                                          19-50299

*Gasca-Ruiz*, 852 F.3d 1167, 1170, 1175 (9th Cir. 2017) (en banc) (stating standard of review and explaining that a court abuses its discretion only if the decision to impose the enhancement is "illogical" or "implausible" based on the facts in the record); *United States v. Corbin*, 972 F.2d 271, 272-73 (9th Cir. 1992) (affirming application of "serious bodily injury" enhancement when the victim was hit "on the head with a metal object resembling a gun, causing a laceration which required a two-layer closure using more than 25 sutures").

**AFFIRMED.**